**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JERMAINE CORTEZ PATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-870 JCH |
| | ) | |
| MICHAEL L. PARSONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Jermaine Cortez Pate, an inmate at Missouri Eastern Correctional Center ("MECC"), for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion. Additionally, for the reasons discussed below, the Court will dismiss this action as a successive habeas corpus action. 28 U.S.C. § 2244.

**Procedural Background**

On June 29, 2020, plaintiff filed a handwritten document titled "Plaintiff's Verified Bill of Complaint," [Doc. #1] simultaneously with his motion to proceed in forma pauperis [Doc. #2] and a motion for appointment of counsel [Doc. #3]. On July 14, 2020, plaintiff filed a certified copy of his inmate account statement. [Doc. #4]

On July 17, 2020, plaintiff filed a motion titled, "Plaintiff's Motion for Certification of Questions of Law to the United States Supreme Court." [Doc. #5] His motion was in relation to seeking an extension of time to provide the Court with a copy of his account statement, which was provided to the Court on July 14, 2020. Thus, his motion was moot and it will be denied.

On July 20, 2020, plaintiff filed an Intent to Remove a state action. [Doc. # 6] In his Notice of Removal, plaintiff stated that he filed a state habeas corpus case on October 11, 2019, in St. Louis County Court. *See Pate v. Jennings*, No. 19SL-CC04769. The Court has reviewed the docket for this action on Missouri.Case.Net and found that plaintiff's state habeas corpus action remains open in St. Louis County Court. As plaintiff is aware, he cannot remove an ongoing state court civil habeas action to this Court. His motion will be denied.

Plaintiff filed a prior habeas corpus action in Randolph County Court that was denied and dismissed on April 23, 2018. *Pate v. Minor*, No. 18RA-CV-00177. Plaintiff filed a second habeas action in Randolph County Court that was denied and dismissed on November 28, 2018. *Pate v. Minor*, 18RA-CV-676. Plaintiff filed a federal habeas corpus action in this Court on February 8, 2019. *Pate v. Sachse*, No. 4:19-CV-207 RLW (E.D.Mo). The action was denied and dismissed on March 20, 2020. *Id.* Thus, plaintiff has already sought and been denied habeas relief in this Court. Any additional requests for habeas corpus relief would be successive under 28 U.S.C. § 2244. Plaintiff must first seek permission from the Eighth Circuit Court of Appeals prior to seeking additional habeas corpus relief in this Court.

On August 12, 2020, plaintiff filed a motion to amend his complaint. [Doc. #8] The Court will address plaintiff's original complaint and his motion to amend his complaint *infra*.

On August 21, 2020, plaintiff filed a Motion for Liberal Construction of Claim for Relief and Claim for Injuries. [Doc. #9] Plaintiff's "motion" is merely one paragraph citing that pro se litigants should be given the benefit of liberal claim construction. His motion will be granted.

On August 24, 2020, plaintiff filed a motion for declaratory judgment. [Doc. #10] In his motion, plaintiff seeks to serve interrogatories upon defendant and requests a finding from this Court that the state criminal court lacked subject matter jurisdiction over him when it found him

guilty of several criminal charges. The Court indicated *supra* that it would not address plaintiff's arguments relative to his state criminal conviction nor his attempts to overturn same, as to do so would be akin to a successive habeas corpus pursuant to 28 U.S.C. § 2244. Moreover, the Court does not entertain discovery prior to service on defendants and entry of a Case Management Order. Thus, plaintiff's motion will be denied.

On August 27, 2020 plaintiff filed a motion to supplement his amended complaint. [Doc. #11] The Court does not accept supplemental amendments to pleadings by interlineation. In order to amend a complaint, a plaintiff must file a motion to amend and submit a proposed amended complaint on a court-provided form. *Popoalii v. Correctional Medical Services,* 512 F.3d 488, 497 (8th Cir.2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion). Accordingly, plaintiff's motion to supplement his pleading will be denied.

## The Complaint and Amended Complaint

Plaintiff, an inmate at MECC, filed the instant action on June 29, 2020, alleging violations of his civil rights. Plaintiff claims he is bringing the instant action as a "federal question case" that is "unrelated to the application for writ of habeas corpus that was denied by this Court on March 20, 2020. *Pate v. Sachse*, No. 4:19-CV-207 RLW (E.D.Mo).

Plaintiff brings this action against two defendants: Michael J. Parsons (Governor of Missouri) and Eric Schmidt (Attorney General of Missouri). He claims that he is bringing the case against defendants in their official capacities.

In his original complaint, plaintiff alleges that the state criminal proceedings that resulted in a judgment against him in 2014 in St. Louis County Court were unconstitutional. He alleges that

3

the state court did not have adequate jurisdiction over him to prosecute him when it brought charges and convicted him of his crimes.

In his amended complaint, plaintiff asserts that the states are usurping the original jurisdiction of the Supreme Court by criminally prosecuting its citizens. He states that only the Supreme Court should have the jurisdiction to criminally prosecute individuals.

Plaintiff seeks "equitable relief," or relief under the All Writs Act in this case. In other words, he seeks to countervail the "second or successive" mandates under 28 U.S.C. § 2244.

## Discussion

Jermaine Cortez Pate was found guilty after a trial of robbery in the first degree and armed criminal action. *State v. Pate*, No. 13SL-CR001396-01 (St. Louis County Court). He was sentenced on July 2, 2014 to two concurrent thirteen-year terms of imprisonment in the Missouri Department of Corrections. The conviction and sentences were affirmed on appeal. *See State v. Pate*, No. 101709 (Mo.Ct.App.2015). Plaintiff filed a federal habeas corpus action in this Court on February 8, 2019. *Pate v. Sachse*, No. 4:19-CV-207 RLW (E.D.Mo). The action was denied and dismissed on March 20, 2020. *Id.*

No matter how plaintiff seeks to "dress up" his case, his claims sound in habeas corpus. He is seeking to attack his 2014 state court criminal conviction and sentence, and he seeks equitable relief, or to be let out from jail. Moreover, he is seeking to relitigate claims already litigated in one or several of his habeas actions brought in his state habeas actions, as well as his federal habeas action in this Court.

Thus, to the extent that plaintiff seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that plaintiff seeks to bring new claims for habeas relief, plaintiff must obtain leave from the United

States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Plaintiff has not been granted leave to file a successive habeas petition in this Court. As a result, this action shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint and amended complaint [Doc. #1 and #8] are **DENIED AND DISMISSED AS SUCCESSIVE applications for writ of habeas corpus.**

**IT IS FURTHER ORDERED** that plaintiff's Motion for Certification of Questions of Law to the United States Supreme Court [Doc. #5] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that plaintiff's motion for removal of state court action [Doc. #6] is **DENIED**. The Clerk shall notify St. Louis County Court, *Pate v. Jennings*, No. 19SL-CC04769, that plaintiff's motion for removal was denied and that to the extent necessary the matter is **REMANDED** back to St. Louis County Court.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Liberal Construction [Doc.#9] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for declaratory judgment [Doc. #10] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to supplement her complaint [Doc. #12] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 15th day of September, 2020.

       /s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE